# UNITED STATES DISTRICT COURT
# FOR THE
# NORTHERN DISTRICT OF NEW YORK

---

DEBORAH LAUFER

               *Plaintiff,*

   -vs-                       Case No.: 5:20-cv-0356(BKS/ML)

RAM INC,

               *Defendant.*

---

## DEFENDANT'S MEMORANDUM OF LAW IN
## OPPOSITION TO STANDING

**LEMERY GREISLER LLC**
Robert A Lippman, Esq.
Attorney for Defendant
Bar Roll No.: 102062
60 Railroad Place, Suite 502
Saratoga Springs, New York 12866
(518) 581-8800
rlippman@lemerygreisler.com

{LG 00401951 1 }

## TABLE OF CONTENTS

TABLE OF AUTHORITIES...............................................................................ii, iii

PRELIMINARY STATEMENT ......................................................................1

STATEMENT OF FACTS.................................................................................1

**ARGUMENT**

I.    PLAINTIFF HAS FAILED TO ADEQUATELY ALLEGE STANDING UNDER THE
      AMERICANS WITH DISABILITIES ACT .....................................................2

      A.  This Court May Take Judicial Notice That the Plaintiff
          Has Not Been Injured ............................................................3

      B.  Plaintiff Has Not Alleged an Injury Sufficient to Establish
          Standing to the Extent That Her Complaint is Based on Unreasonable
          Requirements in Excess of Those Specified Under the ADA .......................7

      C.  Plaintiff Has Not Been Injured or Deterred Because She
          Never Tried to Actually Use the Defendant's Property .............................10

**CONCLUSION** .........................................................................................11

i

## TABLE OF AUTHORITIES

**FEDERAL CASES**

Amidax Trading Group v. S.W.I.F.T. SCR, 671 F.3d 140 (2d Cir. 2011) .......................................4

Ashcroft v. Iqbal, 556 U.S. 662 (2009) ...........................................................................................4

Barnes v. Marriott Hotel Servs., Inc., No. 15-CV-01409-HRL, 2017 U.S.

    Dist. LEXIS 22588, 2017 WL 635474 (N.D. Cal. Feb. 16, 2017) ..........................................9

Bernstein v. City of New York, 621 F. App'x 56, 57 (2d Cir. 2015)............................................2,6

Camarillo v. Carrols Corp., 518 F.3d 153, 158 (2d Cir. 2008) .......................................................3

Feltzin v. Triangle Properties #1, LLC, No. 14-CV-5131, 2016 U.S.

    Dist. LEXIS 192861, 2016 WL 11599264 (E.D.N.Y. Dec. 15, 2016) ...............................10

Harty v. Greenwich Hosp. Grp., LLC, 536 F. App'x 154 (2d Cir. 2013).........................................2

Harty v. Nyack Motor Hotel Inc., No. 19-cv-1322, 2020 WL 1140783; 2020

    U.S. Dist. LEXIS 40429 ......................................................................................................3,8

Hernandez v. Caesars License Co., LLC, 2019 U.S. Dist. LEXIS 172456

 (Dist. Ct. NJ 2019)................................................................................................................11

Juscinska v. Paper Factory Hotel, LLC, 18-cv-8201 (ALC), 2019 U.S.

    Dist. LEXIS 92550, 2019 WL 2343306 (S.D.N.Y. June 3, 2019) ..................................10, 11

Kreisler v. Second Ave. Diner Corp., 731 F.3d 184 (2d Cir. 2013).............................................3,10

Laufer v. 1110 W. Albany, LLC, 2020 WL 2309083 (N.D.N.Y. May 8, 2020)............................1

Laufer v. Laxmi & Sons, LLC, 2020 WL 2200207 (N.D.N.Y. May 6, 2020) ...............................3

Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) ........2,8

ii

Pincus v. National R.R. Passenger Corp., 581 Fed. App'x 88.89 (2d Cir. 2014) ..........................3

Rizzi v. Hilton Dom. Operating Co., Inc., 2019 WL 4744209 (E.D.N.Y. Sept. 30, 2019).............7

Shain v. Ellison, 356 F.3d 211 (2d Cir. 2004)....................................................................3

Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016)  ................................................2

State Employees Bargaining Agent Coalition v. Rowland, 494 F.3d 71 (2d Cir. 2007)  .............4

Warth v. Seldin, 422 U.S. 490, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975) .......................................2

**STATUTES**

42 U.S.C. §12101-12213; 12181-12189.................................................................................1

**OTHER**

FED. R. EVID. 201(b)...............................................................................................3

FED. R. EVID. 201(c) ..............................................................................................3

28 CFR 302(e)(1)(ii)...............................................................................................7, 9

28 CFR 302(e)(1)(iii)..............................................................................................10

**APPENDIX**

APENDIX "A" submitted herewith via ECF

APENDIX "B" submitted herewith via ECF

APENDIX "C" submitted herewith via ECF

APENDIX "D" submitted herewith via ECF

APENDIX "E" submitted herewith via ECF

## PRELIMINARY STATEMENT

Defendant, RAM, Inc. (hereinafter "Defendant"), by and through its undersigned counsel, submits this Memorandum in Opposition to Plaintiff's Standing in response to the Plaintiff's Memorandum in Support of Standing filed with this Court on May 28, 2020 in response to the order issued in Laufer v. 1110 W. Albany, LLC, 2020 WL 2309083 (N.D.N.Y. May 8, 2020). For the reasons set forth herein, Defendant respectfully submits that the Plaintiff lacks standing, and this case should be dismissed.

## STATEMENT OF FACTS

Plaintiff is resident of Pasco County, Florida, and alleges that she is a disabled person within the meaning of the Americans with Disabilities Act, 42 U.S.C §12101-12213; 12181-12189 ("ADA") who relies on a wheelchair or cane to ambulate and is vision impaired. Complaint ¶¶ 1, 2. Defendant owns a hotel in the town of Liverpool, New York known as the Rodeway Inn & Suites. Defendants' hotel utilizes an online reservation system ("ORS") which Plaintiff claims is not ADA compliant because, inter alia, it allegedly fails to reasonably identify the disability accessibility features of the hotel. Complaint ¶ 11. Plaintiff's Complaint does not allege (i) that she attempted to reserve a room at Defendant's hotel; (ii) that she has any connection with New York State; or (iii) that she intended to travel to Onondaga County, New York, where the Defendant is located.

# ARGUMENT

## I.   PLAINTIFF HAS FAILED TO ADEQUATELY ALLEGE STANDING UNDER THE AMERICANS WITH DISABILITIES ACT

Article III of the United States Constitution limits federal jurisdiction to actual cases and controversies. Whether a plaintiff has standing to sue "is the threshold question in every federal case, determining the power of the court to entertain the suit." Warth v. Seldin, 422 U.S. 490, 498, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975). A plaintiff bears the burden of demonstrating standing by proving (1) that she suffered an "injury in fact," (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury is likely to be redressed by a favorable decision. See, Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992).

Claims for injunctive relief under Title III of the ADA are subject to Article III standing requirements and must be dismissed where standing does not exist. See, Harty v. Greenwich Hosp. Grp., LLC, 536 F. App'x 154 (2d Cir. 2013). In the leading case of Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547, 194 L. Ed. 2d 635 (2016), the Supreme Court stated that within the context of a "tester" under the Americans with Disabilities Act (ADA), although "tester status does not defeat standing, it does not automatically confer it either." Instead, the court noted that like all plaintiffs, a "tester must still satisfy the elements of standing, including the injury-in-fact requirement." Id. The rule set forth in Spokeo requires that the plaintiff demonstrate a "concrete" and "real" injury, not merely allege a hypothetical or "abstract" injury. Id. Plaintiffs seeking injunctive relief must demonstrate a "real and immediate threat of future injury." Bernstein v. City

2

of New York, 621 F. App'x 56, 57 (2d Cir. 2015)(quoting Shain v. Ellison, 356 F.3d 211, 215-16 (2d Cir. 2004)).

A plaintiff seeking injunctive relief for violations of Title III of the ADA has standing only where the "plaintiff (1) alleges past injury under the federal statute, (2) shows that it is reasonable to infer from his or her complaint that the discriminatory treatment will continue, and (3) shows that it is reasonable to infer that he or she 'intend[s] to return to [the public accommodation].'" See, Pincus v. National R.R. Passenger Corp., 581 Fed. App'x 88, 89 (2d Cir. 2014) (alteration in original) (quoting Kreisler v. Second Ave. Diner Corp.; 731 F.3d 184, 187-88 (2d Cir. 2013) see also, Camarillo v. Carrols Corp., 518 F.3d 153, 158 (2d Cir. 2008).

## A. **This Court May Take Judicial Notice That the Defendant's ORS is ADA Compliant**

Under Federal Rule of Evidence 201, the Court may take judicial notice of a "fact that is not subject to reasonable dispute because it…can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). A federal court must take judicial notice of facts if requested by a party and supplied with the necessary information. FED. R. EVID. 201(c).

The Court has rightly noted that it may take judicial notice of the contents of the websites in this case. Laufer v. Laxmi & Sons, LLC, 2020 WL 2200207 (N.D.N.Y. May 6, 2020), see also, Harty v. Nyack Motor Hotel Inc., No. 19-cv-1322, 2020 WL 1140783, at *3 n.1; 2020 U.S. Dist. LEXIS 40429, at *8n.1 (March 9, 2020). The Court correctly noted that the "amenities" page on Booking.com states that there are "[f]acilities for disabled guests" which contains a section entitled "accessibility," with an image of an individual in a wheelchair, and items listed beneath, including

"visual aids (Braille), toilet with grab rails, wheelchair accessible." Moreover, there are rooms listed as "disability access" that are reservable, subject to availability.   Indeed, Plaintiff's Memorandum of Law concedes that the Bookings.com ORD is ADA compliant. See, Plaintiff's Memorandum of law in Support of Standing, Point III ("[t]his Court also raised the issue that Plaintiff's claims are moot, reasoning that the Defendants' online reservations system operated through Booking.com identifies and allows for booking of accessible rooms…").  Plaintiff argues "the fact that only one of four websites may be complaint does not moot a case." Id. at p.18.

Notwithstanding Plaintiff's claims, when considering standing, a court "need not credit a complaint's conclusory statements without reference to its factual context." Amidax Trading Group v. S.W.I.F.T. SCR, 671 F.3d 140, 146 (2d Cir. 2011)(quoting Ashcroft v. Iqbal, 556 U.S. 662, 686 (2009); see also, State Employees Bargaining Agent Coalition v. Rowland, 494 F.3d 71, n.4 (2d Cir. 2007)("in adjudicating a motion to dismiss for lack of subject-matter jurisdiction, a district court may resolve disputed factual issues by reference to evidence outside the pleadings...").  As will be show below, the remaining ORS websites are all in compliance with the ADA; to wit:

- HOTEL.COM: Paragraph "11(c)" of plaintiff's complaint alleges that "there was no option to book an accessible room" at the link "https://www.hotels.com/ho202740/?q-check-out=2020-01-14&FPQ=1&q-check-in=2020-01-13."   This is plainly untrue.   In the interactive table for checking room availability, there is a link to a clearly labeled "Room, 1 King Bed, Accessible, Non Smoking." See, Appendix "A" (submitted herewith).  While plaintiff admits that "hotel amenities are all listed in detail," plaintiff nevertheless argues that the Hotels.com webpage is non-compliant because "no information was given about accessibility in the hotel."   This too is plainly false.  Referring to Appendix "A" again, in

a table entitled "At the motel", there is a row labeled "Accessibility" which lists the following hotel information, in full compliance with the ADA: "Wheelchair-accessible parking", "Wheelchair-accessible public restroom", "Wheelchair-accessible registration desk", and "Wheelchair-accessible meeting spaces/business center."   Further detail is available when a user clicks on the "Room, 1 King Bed, Accessible, Non Smoking" link, which plaintiff would have done, had she had a legitimate intent to book the room or indeed, even be a so-called "tester."  Clicking this link brings up a text box containing the following additional information: "Wheelchair-accessible bathroom vanity, wheelchair accessible, accessible bathtub, grab bar in bathtub, and wheelchair-width doorways." <u>See</u>, Appendix "B" (submitted herewith).

- EXPEDIA.COM:  Paragraph "11(d)" of plaintiff's complaint repeats the same allegations, admitting that "[h]otel amenities, room types and amenities are all listed in detail", but claiming that "[n]o information was given about accessibility in the hotel."  The link cited in the complaint is "<u>https://www.expedia.com/Syracuse-Hotels-Roadway-Inn-Suites.h122816.Hotel-Information.</u>"  The allegations are clearly unfounded, as the cited webpage clearly contains the following information on "Accessibility" under "Property Amenities": "Wheelchair-accessible business center", "Wheelchair-accessible parking", "Wheelchair-accessible public washroom", "Wheelchair-accessible registration desk" and "Wheelchair accessible (may have limitations)."  The additional statement also appears: "If you have requests for specific accessibility needs, please note them in the special requests field on the booking page after selecting your room." <u>See</u>, Appendix "C" (submitted herewith).

- ORBITZ.COM: Paragraph "11(e)" of plaintiff admits that "[h]otel amenities, room types and amenities are all listed in detail", but again claims that "[n]o information was given about accessibility in the hotel." The link cited in the complaint is https://www.orbitz.com/Syracuse-Hotels-Rodeway-Inn-Suites.h122816.Hotel-Information?chkin=1%2F13%2F2020&chkout=1%2F14%2F2020. However, the Orbitz site contains the same information as the Expedia site (see supra), namely, under a "Property Amenities" table, the following "Accessibility" features are set forth: "Wheelchair-accessible business center", "Wheelchair-accessible parking", "Wheelchair-accessible public washroom", "Wheelchair-accessible registration desk" and "Wheelchair accessible (may have limitations)." Likewise, the additional statement "If you have requests for specific accessibility needs, please note them in the special requests field on the booking page after selecting your room" appears. See, Appendix "D" (submitted herewith). For good measure, Appendix "E" is a screen capture of the additional information Defendant provides to web users who click on the "Room, 1 King Bed, Accessible, Non Smoking" to further learn about the accessibility amenities, including "Wheelchair-accessible bathroom vanity, wheelchair accessible, accessible bathtub, grab bar in bathtub, and wheelchair-width doorways." See, Appendix "E" (submitted herewith).

Based upon the aforementioned facts, which can be accurately and readily determined from the hyperlinks contained in Plaintiff's complaint, Plaintiff's allegations do not support an "injury in fact" under the ADA statute. Nor can it be inferred from the Complaint as drafted that the so-called discriminatory treatment, if any can be said to have taken place at all, will continue. There is no immediate threat of future injury to support a finding of standing. Bernstein v. City of New York, 621 Fed. Appx. 56 (2d Cir. 2015).

Plaintiff incorrectly argues that her claims can, in effect, never become moot because there is always the potential for Defendant to have a non-compliant website in the future. In doing so, Plaintiff goes too far. Litigation filed in the public interest rather than to alleviate an individual harm is the proper business of the Department of Justice, which has no similar limits on standing to sue. See, Rizzi v. Hilton Dom. Operating Co., Inc., 2019 WL 4744209 (E.D.N.Y. Sept. 30, 2019).

**B. Plaintiff Has Not Alleged an Injury Sufficient to Establish Standing to the Extent That Her Complaint is Based on Unreasonable Requirements in Excess of Those Specified Under the ADA**

As noted by the Court in Spokeo, standing is not "automatically satisfie[d] … whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." 136 S. Ct. at 1548. The ADA rule Plaintiff's complaint chiefly relies upon, 28 CFR 302(e)(1)(ii), requires only that places of public accommodation "[i]dentify and describe accessible features … in enough detail to ***reasonably*** permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs" (***emphasis added***). It is submitted that Plaintiff's complaint argues for a level of detail about Defendant's accommodations that are unreasonable as a matter of law.

Notwithstanding that Plaintiff's admits in her Complaint that "[h]otel amenities, room types and amenities [sic] are all listed in detail." See, Complaint at ¶ 11(b), (c), (d) and (e)[1], Plaintiff

---

[1] While Plaintiff claims in her Complaint, at Paragraph 11(f) that Defendant's use of the AGODA.COM website is non-compliant, it must be noted that Defendant does not have a listing for its Liverpool N.Y. property on AGODA.COM.

also sets forth a laundry-list of vague allegations concerning "wrapped pipes" (without an allegation that any such pipes are exposed); "sink and door hardware" (without specifying what hardware she has concerns over or what the issues at Defendant's property might be); "properly located amenities" (without detail on what would be proper for this plaintiff); "sufficient maneuvering spaces" (without describing dimensions of what would be insufficient or why stating on the ORS that the doorways and spaces are "wheelchair accessible" is insufficient); and "compliant doors, furniture, controls and operating mechanisms" (no detail is given on plaintiff's needs in regard to these items or what 'compliant' means with respect to her particular alleged limitations). See, Complaint ¶ 11(a).[2]  Such general allegations fail to meet the "concrete and particularized" injury standard necessary to assert standing. See, Lujan, 504 U.S. at 560 (Establishing injury-in-fact requires a plaintiff to show that she suffered injury both particular to the individual and concrete).  Plaintiff's conclusory allegations echo those of plaintiff in Harty v. Nyack Motor Hotel Inc., 2020 WL 1140783 at *4 (S.D.N.Y. 2020), where the court held that plaintiff's failure adequately plead how alleged deficient features of a web site impeded his navigation in particular warranted dismissal of plaintiff's claims.

Nor are the details that plaintiff demands reasonable for an ORS to include. Plaintiff makes no allegation that Defendant's hotel itself is physically non-ADA compliant, and in the absence of any such allegation the Court may assume that the hotel is fully ADA compliant.  In such cases

---

[2] Plaintiff also complains about "roll-in showers, tubs, built in seating, commodes, grab bars", however as shown in the supplied Appendix' "A" through "E" and as described above, these items are clearly set forth on Defendants ORS.  Specifically, clicking on the link provided on the ORS for Defendant's "Room, 1 King Bed, Accessible, Non Smoking" will launch a text box providing information on the bathroom amenities: "Wheelchair-accessible bathroom vanity, wheelchair accessible, accessible bathtub, grab bar in bathtub, and wheelchair-width doorways." See, Appendix "B", submitted herewith.

the best guidance is <u>Barnes v. Marriott Hotel Servs., Inc.</u>, No. 15-CV-01409-HRL, 2017 U.S. Dist. LEXIS 22588, 2017 WL 635474 (N.D. Cal. Feb. 16, 2017),  where the court held that with regard to hotels presumably built to ADA standards, it should be sufficient "to specify that the hotel is accessible and, for each accessible room, to describe the general type of room (e.g., deluxe executive suite), the size and number of beds (e.g., two queen beds), the type of accessible bathing facility (e.g., roll-in shower), and communications features available in the room (e.g., alarms and visual notification devices)."

To whatever extent Defendant's ORS lacks details of particularized concern to the Plaintiff, it should be noted that Defendant's ORS provides a 24/7 telephone number where Plaintiff, and persons similarly situated, can call to ask questions and get further details.  The Department of Justice explicitly sanctioned, in a 2010 Advance Notice of Proposed Rulemaking, the use of telephone service as an alternative to, or supplement to, a business website.[3]  While not having the force or effect of law, no court has reached a different conclusion on this issue, and this Court has the discretion to rule, as a matter of law, that the level of esoteric detail urged by this Plaintiff is simply unreasonable under 28 CFR 302(e)(1)(ii).

---

[3] The DOJ stated that a covered entity "may comply with the ADA's requirement for access by providing an accessible alternative, such as a staffed telephone line, for individuals to access the information, goods, and services of their website…In order for an entity to meet its legal obligation under the ADA, an entity's alternative must provide an equal degree of access in terms of hours of operations and range of information, options, and services available." Nondiscrimination on the Basis of Disability; Accessibility of Web Information and Services of State and Local Government Entities and Public Accommodations, RIN 1190-AA65 (proposed July 26, 2010). Publicly Available at: https://www.ada.gov/anprm2010/web%20anprm_2010.htm

**C.** **Plaintiff Has Not Been Injured or Deterred Because She Never Tried to Actually Use the Defendant's Property**

Plaintiff's remaining claims allege that Defendant is in violation of 28 CFR 302(e)(1)(iii), which states that hotels must "[e]nsure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type." However, in connection with this claim, the plain language of Plaintiff's complaint makes it clear that plaintiff made no attempt to reserve a room at Defendant's hotel, which would have required Plaintiff to click through to the expanded room descriptions contained on the reservation pages on the ORS websites. Thus, had plaintiff attempted to use the ORS to reserve a room, she would have seen that each of the third-party reservation systems at issue, Hotels.com, Expedia.com and Orbitz.com are, are in fact compliant with 28 CFR 302(e)(1)(iii). Having made no attempt to make a reservation, plaintiff cannot establish standing on the basis of having encountered unlawful barriers, or that she was deterred from using the property, See, Kreisler, 731 F.3d at 188; Feltzin v. Triangle Properties #1, LLC, No. 14-CV-5131, 2016 U.S. Dist. LEXIS 192861, 2016 WL 11599264, at *5 (E.D.N.Y. Dec. 15, 2016).

Hypothetical allegations are simply insufficient to confer Standing on Plaintiff. As the United States District Court for the Southern District of New York has held, an individual can only suffer an injury conferring standing due to an inability to ascertain whether a hotel meets his or her accessibility needs when he or she has an actual intent to travel to or patronize a defendant motel. See, Juscinska v. Paper Factory Hotel, LLC, 18-cv-8201 (ALC), 2019 U.S. Dist. LEXIS 92550, 2019 WL 2343306 (S.D.N.Y. June 3, 2019; see 42 U.S.C. §12188(a)(2).

Lacking as she is in an allegation that she was actually considering staying at Defendant's hotel, Plaintiff cannot demonstrate the necessary element of "concrete" injury. Juscinska, supra, see also, Hernandez v. Caesars License Co., LLC, 2019 U.S. Dist. LEXIS 172456 (Dist. Ct. NJ 2019)(Holding that non-disclosure of accessibility information could conceivably harm a person with disabilities, provided that person was actually looking for a place to stay in Atlantic City, and absent such intent, alleged "tester" lacked concrete injury).   Therefore, Plaintiff lacks standing to bring her remaining claims, which should also be dismissed.

## **CONCLUSION**

For the reasons set forth herein, the Defendant respectfully requests dismissal of the Complaint in whole together with Defendants costs and attorney's fees and such further relief as this Court deems just and equitable.

Dated:  Saratoga Springs, New York
   June 19, 2020

           LEMERY GREISLER LLC

           By:
            Robert A. Lippman, Esq.
            Bar Roll No. 102062
            Attorney for Defendant
            Telephone: (518) 581-8800
            Email:rlippman@lemerygreisler.com

To:  Peter Sverd, Esq.
   Law Offices of Peter Sverd, PLLC
   225 Broadway, Suite 613
   New York, New York 10007

{LG 00399312 2 }          11